UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PETER EUGENE HALEY                      CIVIL ACTION NO. 15-cv-1069

VERSUS                                  JUDGE HICKS

LEELEN BROWN, ET AL                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Peter Eugene Haley ("Plaintiff") was formerly housed at the Caddo Correctional Center.  He complains that a deputy improperly touched his genitals during a pat down search and, when Plaintiff complained, a supervisor sent him to his cell and caused him to miss part of his recreation time.  Defendants have filed a Motion for Summary Judgment (Doc. 24) that attacks the merits of the claims.  For the reasons that follow, it is recommended that the motion be granted and this case be dismissed.

### Relevant Facts

Plaintiff alleges in his complaint that he was returning from the law library to the Echo Housing Unit when Corporal Levi Brown was performing pat down searches of inmates who entered the unit.  Plaintiff alleges that, during his search, Brown "cupped my dick and balls, then went down the right leg, then did it again on the left side."  Plaintiff says that he complained several times to another officer on duty that he had been groped and sexually assaulted, and he asked to see the sergeant.  The other deputy allegedly called Sgt. D. Butler,

who told Plaintiff that the officer did not do what Plaintiff alleged and that the officers were allowed to search in that manner.  Butler allegedly told Plaintiff to return to his cell.

Defendants responded to the allegations in the complaint with affidavits and other competent summary judgment evidence.  Corporal Brown testifies in an affidavit that the jail uses direct supervision housing units that have two unarmed deputies supervising multiple inmates.  The system requires that the deputies ensure that inmates are not armed, and they do so by pat searching all inmates who leave or return to the housing unit.  Brown testifies that he was trained on how to properly conduct a pat down search when he attended the police academy in 2001, and the issue is also addressed in periodic retraining.

Corporal Brown testifies that he recalls performing the pat search of Plaintiff at issue, and he "utilized the same technique that I always utilize, which is also the method used by other deputies."  He explains that the entirety of the outer clothing of the inmate is patted, including the inside of both thighs.  The deputy uses the back of his hand to go from the front of the inside of the thigh to the bottom, and this is done on both legs.  Brown testifies that he "simply patted down the inside of [Plaintiff's] thighs to make sure that he was not armed upon his return to the housing unit," and Plaintiff did not complain at that time or on any prior occasion on which Brown had patted him down.  Brown specifically denies that he fondled or inappropriately touched Plaintiff, with any contact being for important safety reasons.

Corporal Brown attaches to his affidavit a copy of video surveillance of the search.  The surveillance system does not record audio.  The video recording, at least as viewed on

the court's viewing equipment, is a time-lapse type, so it is not a completely smooth recording.  It shows two inmates being searched by a deputy who checks their shoes and pats down the inmates, who are wearing loose fitting jumpsuits.  The video does not provide a great degree of detail, but it does not depict any indication of surprise or other reaction that would indicate inappropriate contact.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).  A fact is "material" if it might affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party.  Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact.  Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Analysis**

   **A.  Sexual Assault; Eighth Amendment**

Plaintiff was housed at the Caddo Correctional Center when this event allegedly occurred on January 27, 2015.  It does not appear that Plaintiff or Defendants disclose whether Plaintiff was at that time a pretrial detainee or convicted prisoner.  The facility houses both classifications of inmates, and the distinction is relevant to whether a claim of excessive force is assessed under the Fourteenth Amendment or Eighth Amendment.  A reported decision states that Plaintiff was convicted on September 2, 2014 by guilty plea for failure to register as a sex offender, for which he received a 10-year sentence.  State v. Haley, 169 So.3d 804 (La. App. 2d Cir. 2015).  That decision indicates that Plaintiff is a third-felony offender, and his criminal history includes a conviction for rape and charges of child pornography that were plea bargained to a lesser charge.   It therefore appears that Plaintiff was a convicted prisoner at the relevant time, which makes his claims subject to review under the Eighth Amendment.

The sexual abuse of a prisoner by prison officials may, under some circumstances, violate the prisoner's right to be free of cruel and unusual punishment under the Eighth Amendment.  Brown v. Sloan, 2010 WL 476720 (W.D. La. 2010), citing Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997).  Sexual assault violates the Eighth Amendment only if it meets a two-part test consisting of an objective and subjective element.  First, the assault must be objectively sufficiently serious.  Second, the official involved must have acted with deliberate indifference, meaning a sufficiently culpable state of mind.  Id.

The Eighth Amendment is not triggered by de minimis uses of physical force, provided the use of force is not of a sort repugnant to the conscience of mankind. Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001) (unpublished). "[N]ot every malevolent touching gives rise to a federal cause of action." Id.

The Constitution does not require a significant injury as a threshold requirement to state an excessive force claim. The focus is on the amount of force used and whether it was applied in good faith or maliciously and sadistically to cause harm. The extent of injury suffered is, however, a factor that may suggest whether the use of force was excessive. Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid claim. Id.

Courts have applied these standards to reject claims that involved sexual contact much more offensive than alleged by Plaintiff. In Copeland, a prison pharmacist fondled an inmate's penis on three separate occasions and fondled his anus once. There was no evidence of any physical or psychological injuries from the episodes. The Fifth Circuit found that the touchings, though despicable, did not involve a harm of such federal constitutional proportions that they rose to the level of an Eighth Amendment violation. In McGill v. Corrections Corp. of America, 2009 WL 790363 (W.D. La. 2009) the court dismissed a claim based on allegations that a physician fondled the inmate's penis and testicles without consent. Boddie affirmed the dismissal of a complaint by a male prisoner who alleged that a female officer touched and pressed against him a number of times without his consent. The inmate in Brown alleged that an officer "sexually fondled" him during a shakedown, but he did not

allege any injury.  Judge Drell adopted the recommendation of Magistrate Judge Kirk that the incident, if true, could potentially be the basis of a state law tort action but did not involve harm of federal constitutional proportion.

Other decisions have also rejected similar claims. See, e.g.,  Legarde v. Metz, 2015 WL 3648628 (M. D. La. 2015) (prisoner alleged officer approached with his penis out and ordered the prisoner to perform oral sex, refusal of which was followed by verbal harassment; summary judgment granted for defendant); Wright v. Thompson, 2015 WL 3282955 (W.D. La. 2010) (officer asked for sex and touched inmate's penis; complaint dismissed  for failure to state a claim); Cooper v. Caddo Correctional Center, 2007 WL 471185 (allegations that prison officer verbally harassed inmate and grabbed his buttocks while the inmate was urinating did not state an actionable claim); and Harold v. LeBlanc, 2014 WL 2611725 (W.D. La. 2014) (claim that prison officer grabbed inmate's buttocks through his underwear did not state an actionable claim).

Defendants have submitted competent summary judgment evidence that specifically denies that there was any inappropriate touching or sexual contact at all.  Defendants met their summary judgment burden, so Plaintiff was obligated to respond by pointing to competent evidence that created at least a genuine dispute of material fact.  Plaintiff has offered only his unverified complaint and an unsworn memorandum filed in opposition to the motion.  When central facts are specifically challenged by a motion for summary judgment, the plaintiff may not stand on his unverified complaint; he must point to evidence in the record to avoid summary judgment.  Solo Serve Corp. v. Westowne Associates, 929

F.2d 160, 165 (5th Cir. 1991).   And Plaintiff's mere unsworn memorandum in opposition is not competent summary judgment evidence.  Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).   Accordingly, Plaintiff has not created a genuine dispute as to whether any improper touching happened at all.  Even if Plaintiff had made such a showing, the applicable law discussed above would still warrant summary judgment for Corporal Brown.  A single incident of touching, conducted through clothing during a pat down search conducted in a public area is simply not sufficient to trigger the Eight Amendment's proscription of the infliction of cruel and unusual punishment.

### B.  Retaliation

Plaintiff alleged in his complaint that Sgt. Butler "told me to go rack into my cell and took the rest of my recreation."  He alleged that "[t]his is reprisal against me by Sgt. Butler because I reported that Corporal Brown sexually assaulted me by (groping) me twice."  Plaintiff also complains that Butler later allowed Brown to work in Plaintiff's housing unit. Defendants do not submit any evidence to contest this allegation, but they argue that it does not present an actionable claim under 42 U.S.C. § 1983.

"A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct."  Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006), citing Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995).  "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a

retaliatory adverse act, and (4) causation." Morris, quoting McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998) .

Morris further addressed what constitutes a retaliatory adverse act under the third element of the claim.  It determined some alleged acts of retaliation are so inconsequential or de minimis that they do not amount to constitutional injury.  It adopted a standard that retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.  Morris, 449 F.3d at 686. The Court acknowledged that some acts, even though motivated by retaliatory intent, are so de minimis that they do not rise to the level of a constitutional violation.  Id.

Plaintiff alleges that Sgt. Butler ordered him to return to his cell after Plaintiff complained of the alleged improper touching, which caused Plaintiff to miss the rest of his recreation period.  This was a minor, one-time inconvenience that is properly deemed de minimis.  See Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986) ("A single incident, involving a minor sanction, is insufficient to prove [retaliatory] harassment").  Recognizing such a routine command as rising to the constitutional level would involve the court in the routine administration of state penal institutions, which the Morris standard was designed to avoid.  Morris, 449 F.3d at 686.  The record also demonstrates that Plaintiff was certainly not deterred from exercising his rights, as he later filed and exhausted an administrative grievance, which he followed by filing this lawsuit.

Plaintiff also complains that Butler allowed Corporal Brown to work in the same housing unit block  as Plaintiff.  Plaintiff's amended complaint alleges that Brown worked

in the unit on April 13, 2015 and again on May 27, 2015.  There is no allegation that Brown harmed Plaintiff on those days, although Plaintiff alleges that Brown at one time bumped into Plaintiff as he was trying to get around him.  Plaintiff appears to complain that Brown should not have been allowed to work around him while this suit was pending.

A prisoner is not allowed to insulate himself from being in the vicinity of a jailer merely by filing suit against him.  Plaintiff expresses frustration with Brown's work assignment, but he offers no particular facts to suggest that Sgt. Butler ordered Brown to work in Plaintiff's area on those two days because of a retaliatory intent.  There is simply no factual basis for a claim of retaliation with respect to these allegations.

### C.  Commander Wyche and Sheriff Prator

Plaintiff named as defendants Jail Commander Robert Wyche and the Caddo Correctional Center.  The jail itself is not a legal entity capable of being sued.  Cozzo v. Tangipahoa Parish Council- President Government, 279 F.3d 273, 283 (5th Cir. 2002).  The sheriff is a proper defendant, and Sheriff Steve Prator appeared in this case in place of the jail and joined the motion for summary judgment. He and Commander Wyche argue that there are no grounds to hold either of them liable under 42 U.S.C. § 1983.

Supervisor liability may attach under Section 1983 in limited circumstances, but only after an underlying constitutional violation by a deputy has been demonstrated.  City of Los Angeles v. Heller, 106 S.Ct. 1571 (1986); Smith v. Walden, 2000 WL 1056091 (5th Cir. 2000).  It was recommended above that summary judgment be granted on the underlying

claims, so any supervisory liability claims against Prator and Wyche should also be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 24)** be **granted** and that all of Plaintiff's claims be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of May, 2016.



Mark L. Hornsby
U.S. Magistrate Judge